746 F.2d 785
 Alan F. McDONELL, M. Lee Curran, and Sally Phipps,
individually and on behalf of all others similarly
situated, Appellees,
v.
Susan HUNTER, Jean Sebek, Russell Behrends, and Harold
Farrier, Appellants.
 No. 84-1346.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 8, 1984.
Decided Nov. 2, 1984.
 
 Mark Hunacek, Asst. Atty. Gen., Des Moines, Iowa, for appellants.
 Mark W. Bennett, Des Moines, Iowa, for appellees.
 Before ARNOLD, FAGG and BOWMAN, Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 This case involves policies of the Iowa Department of Corrections which permit strip searches, urinalyses, and blood tests of correctional officers and searches of the officers' cars. The District Court[1] granted a preliminary injunction preventing the Department from conducting these searches except under specified conditions. We hold that the District Court did not abuse its discretion in granting this preliminary relief and therefore affirm its order.
 
 I.
 
 2
 Plaintiff McDonell began work as a correctional officer at the Iowa Men's Reformatory in 1979. Upon starting his employment at this facility, McDonell signed a consent-to-search form. On January 17, 1984, prison officials informed McDonell that they had received information that he was seen the previous weekend with persons suspected of trafficking in illegal drugs. They asked him to take a urinalysis test. McDonell eventually refused to take the test and was fired on January 19. After this lawsuit was initiated, McDonell was reinstated but transferred to a different institution and lost ten days' pay.
 
 
 3
 The plaintiffs Sally Phipps and M. Lee Curran are correctional officers at Iowa Correctional Institution for Women. On August 2, 1983, they were told by prison officials that the Department planned to conduct strip searches, blood tests, and urinalyses on Department employees and were asked to sign a form consenting to such searches. Both women refused to sign the consent form, and they were told that they would be subject to compelled urinalyses, blood tests, strip searches, and searches of their vehicles, despite their refusal to sign the form.
 
 
 4
 The plaintiffs filed this lawsuit on January 31, 1984. After a hearing at which all parties participated, the District Court issued a temporary restraining order and then a preliminary injunction prohibiting the Department from conducting strip searches, blood tests, and urinalyses unless the searching officials have a reasonable suspicion, based on specific objective facts and reasonable inferences, that the employee is smuggling contraband or under the influence of alcohol or a controlled substance. The court also enjoined the warrantless search of employees' automobiles parked outside the confines of a prison facility.
 
 II.
 
 5
 On appeal, the defendants urge that the District Court erred in several respects: (1) in requiring a "reasonable suspicion" rather than a "mere suspicion" as the basis for conducting the strip searches and tests in question; (2) in holding that the consent form was not a valid waiver of Fourth Amendment rights; (3) in requiring a valid warrant or consent for searches of automobiles parked outside of the prison walls; and (4) in concluding that plaintiffs were under a threat of irreparable harm.
 
 
 6
 On review of the grant or denial of a preliminary injunction, our inquiry is limited to determining whether the District Court abused its discretion. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 n. 8 (8th Cir.1981) (en banc). In making this determination, we must specifically consider four factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest.
 
 
 7
 After considering these four factors, we are not convinced that the District Court abused its discretion in granting the preliminary relief described above. The violation of privacy in being subjected to the searches and tests in question is an irreparable harm that could reasonably be found to outweigh whatever increase in security the enforcement of the Department's policies might produce. The District Court's assessment of the parties' likelihood of success on the merits, when viewed against the background of the other Dataphase factors, is not so unreasonable as to deserve condemnation as an abuse of discretion. See Hunter v. Auger, 672 F.2d 668, 674-75 (8th Cir.1982).
 
 
 8
 Although we uphold the preliminary injunction which the District Court issued, this holding does not reach the merits of this dispute, since it is based upon an abuse-of-discretion standard of review. Hence, our holding does not in any way affect the defendants' right to litigate the constitutionality of the disputed policies at the trial on the merits[2] or before this Court on a subsequent appeal from the District Court's final judgment.
 
 
 9
 Affirmed.
 
 
 
 [1]
 The Hon. Harold D. Vietor, United States District Judge for the Southern District of Iowa
 
 
 [2]
 At oral argument we were informed that some new evidence, not now in the record, will be offered at the trial on the merits