24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Eddie C. RISDAL, Appellant,
v.
Paul HEDGEPETH; Barbara Freeman, Appellees.
 No. 93-2948.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1994.
Filed: May 4, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eddie C. Risdal, an Iowa inmate, appeals pro se the district court's[1] denial of his preliminary injunction in this 42 U.S.C. Sec. 1983 suit. We affirm.
 
 
 2
 Risdal alleged defendants informed him that, to be admitted to a sex offender treatment program-an essential prerequisite to Risdal's early release-he must first accept responsibility for the two counts of sexual abuse for which he was convicted. Risdal claimed that requiring him to admit his guilt to obtain entry to the program violates his Fifth Amendment right against self- incrimination. Risdal moved for a preliminary injunction requiring defendants to transfer him to a less secure facility and allowing him to participate in a sex offender treatment program without requiring him to admit his guilt.
 
 
 3
 The district court denied Risdal's motion for a preliminary injunction based on the factors outlined in Dataphase Sys., Inc. v. C. L. Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). The court denied his preliminary injunction to be transferred to a less secure facility finding his allegations of mistreatment too speculative to establish irreparable harm. Further, the court denied his request for admission into the sex offender treatment program finding that, at this stage, Risdal had not established irreparable harm, because he had not shown that admission to the sex offender treatment program would result in a more favorable consideration of his parole request.
 
 
 4
 Appellate jurisdiction over an order denying a motion for preliminary injunctive relief is pursuant to 28 U.S.C. Sec. 1292(a)(1). Cheyenne River Sioux Tribe v. South Dakota, 3 F.3d 273, 278 (8th Cir. 1993). This court will not reverse the district court's denial of preliminary injunctive relief unless the decision below is the product of an abuse of discretion or misplaced reliance on an erroneous legal premise. Modern Computer Sys. v. Modern Banking Sys., 871 F.2d 734, 737 (8th Cir. 1989) (en banc).
 
 
 5
 Granting Risdal's preliminary injunction requests-transferring him to a less secure facility and allowing him to enter the sex offender treatment program without admitting his guilt-would in effect give him the relief he would obtain after a successful trial on the merits. Therefore, Risdal bears a heavy burden of proving why the court should grant him a preliminary injunction. See Calvin Klein Cosmetics Corp. v. Lenox Lab., 815 F.2d 500, 503 (8th Cir. 1987). In this circuit, district courts must assess the following factors in considering requests for preliminary injunctive relief: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc., 640 F.2d at 114. Although no single factor is determinative, a movant must establish a threat of irreparable harm; without a finding of irreparable injury, a preliminary injunction should not be issued. Modern Computer Sys., Inc., 871 F.2d at 738.
 
 
 6
 The district court did not abuse its discretion or rely on an erroneous legal premise in finding that Risdal had not established irreparable harm. Risdal's allegations of possible mistreatment are too speculative to establish irreparable harm. Further, Risdal did not show that he was being denied the opportunity for earlier release by being denied immediate admittance to the sex offender treatment program. Although Risdal established that participating in the sex offender treatment program is a prerequisite for his early release, the record reflects that program participation alone will not lead to early release. Discipline assessment is another component of early release determination. Risdal does not have a discipline-free record; therefore, he has not demonstrated that, were he admitted immediately to the program, he would have an opportunity for earlier release.
 
 
 7
 In affirming the district court's denial of a preliminary injunction, we express no opinion on the merits of this dispute. See McDonell v. Hunter, 746 F.2d 785, 787 (8th Cir. 1984).
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa