**Willard CONN, Plaintiff,**

v.

**William DESKINS, et al., Defendants.**

**Civil No. 16-87-ART**

United States District Court,
E.D. Kentucky,
Southern Division.
Pikeville.

Signed 08/08/2016

Joe F. Childers, Joe F. Childers & Associates, Lexington, KY, for Plaintiff.

Jonathan C. Shaw, Porter, Schmitt, Banks & Baldwin, Paintsville, KY, for Defendants.

### ORDER

Amul R. Thapar, United States District Judge

Willard Conn wants his job back. And he wants the Court's help, in the form of a preliminary injunction ordering Pike County officials to reinstate him. R. 10. To get a preliminary injunction, however, Conn must do more than say what he wants. He must show that he faces an irreparable injury. Because Conn fails to show an irreparable injury, the Court must deny his motion.

### I.

For thirteen years, Conn worked as a road foreman for Pike County Fiscal Court. R. 10-1 at 1. But when allegations emerged that Conn had stolen gravel from the county, the county fired him. R. 10-3 at 1; R. 12 at 2. Conn then applied for unemployment insurance. R. 10-1 at 4. Pike County denied his request because he had been terminated for conducting illegal activity. *See id.*

Conn denies the allegations that got him fired. *See id.* Since he never stole county materials, he says he is entitled to his job back. R. 10-1 at 4. He also says that Pike County did not give him sufficient notice or an opportunity to challenge its decision. R. 10-1 at 7–9. So Conn sued numerous Pike County officials, alleging breach of contract and wrongful discharge in violation of public policy. R. 1-1 (Complaint). And he requests immediate reinstatement, through a preliminary injunction, until this case is resolved. R. 10; *see* Fed. R. Civ. P. 65.

## II.

■ A preliminary injunction is an "extraordinary remedy." *Overstreet v. Lexington–Fayette Urban Cty. Govt.*, 305 F.3d 566, 573 (6th Cir.2002). The Court may only grant the injunction if Conn proves that his circumstances "clearly demand it." *Id.* To decide if they do, the Court considers four factors: (1) whether Conn is likely to succeed on the merits, (2) whether he will suffer irreparable injury without an injunction, (3) whether the injunction will substantially harm others, and (4) whether the injunction serves the public interest. *Id.*

■ But these factors are not all created equal. The injunction seeker "must always demonstrate some irreparable injury" before the Court can consider granting him the remedy he seeks. *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 104 (6th Cir.1982). Regardless of the other factors, then, the Court must deny Conn's motion unless he can show some irreparable injury. *See S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir.1991) (affirming the denial of a preliminary injunction absent an irreparable injury). And to show irreparable injury, Conn must be facing a harm so irreversible that "no adequate remedy at law" exists. *Gilley v. United States*, 649 F.2d 449, 454 (6th Cir. 1981). Put differently, Conn must show a judgment would come too late to prevent or to heal the injury he alleges.

■ In extraordinary cases, not being in the job you are entitled to can cause an irreparable injury. For example, plaintiffs have shown that "substantially delayed promotions" would cause irreparable harm to their careers because reinstatement would come too late for them to gain the necessary experience to further advance in rank. *Howe v. City of Akron*, 723 F.3d 651, 662 (6th Cir.2013). But unlike in *Howe*, Conn's injury can be remedied at the end of this lawsuit. The specific pains he alleges—lost wages, lost benefits, and difficulty finding employment—are calculable damages. *See* R. 10-1 at 9. They can be cured with back pay, consequential damages, eventual reinstatement, and many other remedies. *See, e.g., Overstreet*, 305 F.3d at 579 (noting that the loss of income after termination is recoverable in damages). Conn alleges nothing extraordinary or uniquely irreparable about his unemployment situation. *See Sampson v. Murray*, 415 U.S. 61, 91–92, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (holding that ordinary wrongful termination injuries of lost wages, damaged reputation, and difficulty finding employment are not irreparable injuries). His alleged injury thus falls "far short" of the irreparable injury standard. *Id.* at 91, 94 S.Ct. 937.

■ Still determined to find a way back to work, Conn responds that he suffers from another irreparable injury, this one of the constitutional variety. R. 10-1 at 9–10. According to Conn, Pike County fired him without proper notice or a hearing. This, he argues, violated his right to due process. *Id.* In support, Conn cites cases suggesting that public employees are entitled to notice and an opportunity to respond to allegations that could get them fired. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In Conn's view, this constitutional injury is an irreparable one that only a preliminary injunction can cure.

Conn is right that losing a constitutional right—however briefly—is sometimes an irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (First Amendment rights); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir.1984) (Eight Amendment rights); *McDonell v. Hunter*, 746 F.2d 785, 787 (8th Cir.1984) (privacy rights). Those cases, however, have something important

in common: the plaintiffs were all seeking a preliminary injunction to *prevent* a constitutional injury. *See Elrod*, 427 U.S. at 373, 96 S.Ct. 2673 (preventing restraints on freedom of association); *Mitchell*, 748 F.2d at 806 (preventing overcrowding in prisons); *McDonell*, 746 F.2d at 787 (prohibiting the enforcement of a policy allowing car searches, strip searches, urinalyses, and blood tests).

This is not one of those cases. Conn does not allege an imminent or ongoing constitutional violation. If his due process rights were violated, it was in the past. *Cf. Bob Jones Univ. v. Simon*, 416 U.S. 725, 750, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) (recognizing that even the impending imposition of allegedly inadequate process is not an imminent irreparable injury). And if Conn succeeds in this suit, the remedies that courts can prescribe litigants like him—damages and reinstatement—will adequately address his past injuries. Thus, Conn has no injury, constitutional or otherwise, that entitles him to immediate relief.

### III.

Because Conn has failed to show an irreparable injury, the Court need not address the other three preliminary-injunction factors. Accordingly, it is **ORDERED** that Conn's motion for a preliminary injunction, R. 10, is **DENIED**.